**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MCGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC, JOHN WILEY & SONS, INC., ELSEVIER, INC., CENGAGE LEARNING, INC., AND PEARSON EDUCATION, INC., | Case No. 15-CV-2579 (VSB) |
| Plaintiffs, | |
| v. | COMPLAINT AND JURY DEMAND |
| WASEEM RIHANI, AMR JARRAD a/k/a JARED AMIR, AND DOES 1-5 d/b/a www.testbanksolutionmanualcafe.com, | |
| Defendants. | |

Plaintiffs McGraw-Hill Global Education Holdings, LLC, John Wiley & Sons, Inc., Elsevier, Inc., Cengage Learning, Inc., and Pearson Education, Inc., for their Complaint against defendants Waseem Rihani, Amr Jarrad a/k/a Jared Amir, and John Does Nos. 1-5 d/b/a www.testbanksolutionmanualcafe.com, allege as follows:

**INTRODUCTION**

1.     Plaintiffs are five of the largest higher education publishing companies in the United States.  They are venerable American institutions, with some established over 100 years ago.  Each year, they publish thousands of educational works, including college textbooks and corresponding instructor solutions manuals and test banks.

2.     Defendants are scofflaws.  They knowingly and intentionally engage in a blatantly illegal online business that is built solely upon copyright infringement and unauthorized sales.  Defendants' brazen scheme is devoted to making wholesale electronic copies of instructor solutions manuals and test banks created by publishing

companies and then selling them to students.  Defendants' infringing activities cause irreparable harm to Plaintiffs and the integrity of the academic process.

3.      Defendants are recidivist infringers.  In prior litigation in this Court, *see* Case Nos. 1:12-cv-07914-RWS and 1:12-cv-03221-RWS, Plaintiffs in the instant action (save Elsevier) secured a pair of default judgments against the same individual or individuals believed to be responsible for the current infringing activity that is the subject of this action.  Defendants' unlawful activities continued undeterred, flouting both this Court's authority and Plaintiffs' copyrights.

## JURISDICTION AND VENUE

4.      This is a civil action seeking injunctive relief and damages.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1338(a).  This is an action arising under the Copyright Act, 17 U.S.C. § 101 *et seq.*

5.      Personal jurisdiction in this district is proper, pursuant to N.Y. C.P.L.R. §§ 301 and 302 because Defendants (a) have committed acts of copyright infringement within this State and in this District, and (b) have committed acts of copyright infringement outside the State, which caused injury to Plaintiffs within the State, and Defendants expected or should reasonably have expected such acts to have consequences in this State, and Defendants derive substantial revenue from interstate or international commerce.  In the alternative, personal jurisdiction in this District is proper pursuant to the federal long-arm statute, Fed. R. Civ. P. 4(k)(2).

6.      Venue is proper in this district under 28 U.S.C. § 1400(a) or 28 U.S.C. §§ 1391(b).

## PARTIES

7.      Plaintiff McGraw Hill Global Education Holdings, LLC ("MHE") is a Delaware limited liability company with its principal place of business at 2 Penn Plaza, New York, New York.

8.      Plaintiff John Wiley & Sons, Inc. ("Wiley"), is a New York corporation

with its principal place of business at 111 River Street, Hoboken, New Jersey.

9.       Plaintiff Elsevier, Inc. ("Elsevier"), is a Delaware corporation with its principal place of business at 360 Park Avenue South, New York, New York.

10.      Plaintiff Cengage Learning Inc., formerly Thomson Learning, Inc., ("Cengage") is a Delaware corporation, with its principal place of business at 20 Channel Center Street, Boston, Massachusetts.

11.      Plaintiff Pearson Education, Inc. ("Pearson") is a Delaware corporation with its principal place of business at 330 Hudson Street, New York, New York.

12.      Defendant Waseem Rihani is an individual who resides in the country of Jordan.

13.      Defendant Amr Jarrad is an individual who resides in the country of Jordan.

14.      Defendant Jared Amir is an individual who resides in the country of Jordan.

15.      Defendants Does 1-5 are fictitious names for certain individuals or entities whose true identities and locations are not currently known to Plaintiffs.

16.      Defendants own or control multiple websites and other forums ("Defendants' Sites"), including but not limited to www.testbanksolutionmanualcafe.com, which Defendants have used and continue to use in furtherance of the unlawful conduct alleged herein.  Defendants own or control various email addresses ("Defendants' Email Addresses"), including but not limited to waseemcarney@outlook.com, admin@testbanksolutionmanualcafe.com, YISoCool@hotmail.com, nasryher@hotmail.com, elikarice@hotmail.com, and mepeatwo@hotmail.com, which Defendants have used and continue to use in furtherance of the unlawful conduct alleged herein.  Defendants operate under various other names, assumed names, or aliases ("Defendants' Aliases"), including but not limited to the names Gerald Smith, Amr Jarrad, Jared Amir, Waseem Rihani, Elias

Kareen, and Myassar Fayez, which Defendants have used and continue to use in furtherance of the unlawful conduct alleged herein.  Once Plaintiffs obtain information as to the Doe Defendants' true identities, Plaintiffs will amend the Complaint to include such individuals or entities as named defendants.

## PLAINTIFFS' BUSINESSES

17.     Plaintiffs develop, market, distribute, license, and sell a comprehensive range of traditional and digital educational content and tools to professionals and students.  In particular, Plaintiffs are some of the largest and most successful textbook publishers in the United States and throughout the world.  Plaintiffs' textbooks, which they sell to students and others, are among the most popular and widely used titles in their fields.

18.     Plaintiffs also publish instructor solutions manuals and test banks, which are important supplementary materials to textbooks.  Plaintiffs provide to professors and instructors, who adopt the related textbook in their courses, restricted access to instructor solutions manuals and test banks.  Instructor solutions manuals are guides that provide answers and solutions to questions contained within the textbook.  Test banks are sets of questions, and, in some instances, corresponding answers, to be used only by the professor who assigned the textbook for his or her course.  Professors and instructors use these supplementary materials to create lesson plans, homework assignments, and exams, and for grading purposes.  When students obtain unauthorized access to test banks, however, the integrity of the educational process is compromised. In addition, the value of the supplemental materials (and, as a result, the textbook adoption itself) is compromised if the supplemental materials are freely or widely available.  Accordingly, in order to preserve their pedagogical value, these supplemental materials are not generally distributed to the public.

19.     As a standard practice, each Plaintiff requires its authors of textbooks and corresponding instructor solutions manuals and test banks to assign the copyrights

to it or grant it the exclusive rights of reproduction and distribution in the United States. Attached hereto as Exhibit A and incorporated by reference is a partial list Plaintiffs' copyrighted works. Plaintiffs own or control the copyright in each of the works or derivative works listed on Exhibit A, among others (hereinafter "Plaintiffs' Works"). Plaintiffs have the exclusive right to reproduce and distribute Plaintiffs' Works. Plaintiffs or their predecessors or affiliates have duly registered their respective copyrights in Plaintiffs' Works as set forth on Exhibit A.

20.     Instructor solutions manuals contain significant protected expression from the textbook. In some instances, instructor solutions manuals, repeat the original questions or other original content verbatim from the textbook. But even without such word-for-word copying, instructor solutions manuals are based upon, and necessarily copy from, the original questions and other protected expression from the textbook. For instance, the answers in the solutions manual necessarily copy various creative decisions of the textbook author, including but not limited to: (a) what knowledge or skills to test versus not test, and to what degree to test; (b) what examples, fact patterns, and hypotheticals to use to test and reinforce the material that the author chose to include in the book; and (c) the relationship and progression between the questions in the book to one another and to the material the author chose to include in the book versus omit. Notably, instructor solutions manuals are specific to a given textbook. Even where a single publisher has multiple textbooks within a single field of study, it has a separate solutions manual per textbook that is unique to that particular book. It is tailored to the pedagogical approach, including questions, of that particular book. If instructor solutions manuals did not need to so closely track the protected expression in the underlying textbook, they could be interchangeable across textbooks, which they are not.

21.     Instructor solutions manuals and test banks contain additional protected expression beyond what is in the textbook. Just in the way that myriad creative efforts

go into creating or selecting questions, whether for inclusion in the textbook or its corresponding test bank, similar protected expression goes into the answers and solutions in the instructor solutions manuals and test banks.  Countless decisions are made concerning answer choices, wording, examples, approach, depth, and other substantive details.

22.     Plaintiffs invest significant resources to publish their copyrighted works. Plaintiffs make substantial investments, for example, in content creation and in promotion of their copyrighted works.  Plaintiffs would suffer serious financial injury if their copyrights were not enforced.  A substantial decline in their income from textbooks could cause Plaintiffs to cease publishing one or more deserving books or journals.  This would adversely impact the creation of new works, scholarly endeavor, and scientific progress.

## DEFENDANTS' UNLAWFUL ACTIVITIES

23.     Defendants own, control and operate multiple illegal online sites, the sole object of which is to make money from infringement.  Specifically, Defendants create or obtain and store unauthorized digital copies of solutions manuals and test banks, including, but not limited to, Plaintiffs' Works listed on Exhibit A.  Through their highly interactive websites, and via other means, upon payment of a fee from their customers, Defendants distribute unauthorized copies of Plaintiffs' Works to the public in violation of Plaintiffs' copyrights, including to students and other individuals located in this District.  Defendants engage in these acts using Defendants' Sites, Defendants' Email Addresses, Defendants' Aliases, and other tools and services.

24.     At Defendants' Sites, including www.testbanksolutionmanualcafe.com, purchasers or prospective purchasers can scroll through or search for listings of the unauthorized digital copies of Plaintiffs' solutions manuals and test banks, which Defendants made or obtained and maintain on computers they own or control.  Visitors can interact with the sites, view information on the massive catalogue of items available

for purchase, and then move forward with the transaction.  Visitors can search by keyword, such as title, author, or International Standard Book Number ("ISBN"). Alternatively, a user can also browse titles by subject matter.  At the touch of a few keystrokes, armed with a credit card or other means of online payment, such as a PayPal account, a user can purchase and download unauthorized copies of Plaintiffs' and other publishers' solutions manuals and test banks.

25.     Defendants' Sites, including www.testbanksolutionmanualcafe.com, receive thousands of unique visitors per month from customers and prospective customers located throughout the United States, including this District, as well as abroad.  A very substantial portion of the purchasers of unauthorized digital copies of Plaintiffs' solutions manuals and test banks on Defendants' Sites are located in the United States.  Indeed, one report indicates that over 75% of the web traffic to www.testbanksolutionmanualcafe.com comes from visitors within the United States.

26.     In connection with their infringing activities, Defendants utilize the services of a number of companies in the United States.  While pirates such as Defendants are notorious for and adept at hiding their identities and locations, along with making changes to their infrastructure to avoid being shutdown, Defendants currently utilize the services of the following companies in the United States: (a) domain name registration services through eNom Inc.; (b) payment processing services through PayPal as well as major U.S.-based credit card companies; (c) web hosting services via Nlayer Communications, Inc.; and (d) promotional services via Facebook. The foregoing is a non-exhaustive list.

27.     Defendants' reproduction and distribution of Plaintiffs' valuable copyrighted works takes place without authorization and without compensation to Plaintiffs, their authors, and others in the legitimate chain of commerce.  On the contrary, Defendants' actions described herein benefit Defendants' alone, for their commercial purposes and gain, without any changes to Plaintiffs' copyrighted works

(useful or otherwise).  As a result of Defendants' actions, wholesale, unauthorized copies of Plaintiffs' solutions manuals and test banks are made and distributed, with no way to prevent their viral downstream dissemination.  Such infringing activity steals the fruits of Plaintiffs' and their authors' creative efforts and monetary investments and diminishes interest among teaching professionals to use the associated textbooks for their classes.  Moreover, Defendants' sales corrupt the education process by facilitating cheating.

28.     Defendants are well aware of the enormous infringement and cheating that they cause.  Defendants knowingly and intentionally designed, built, and operate a business devoted to selling copies of others' proprietary works, including Plaintiffs' copyrighted works.  Defendants have done so, and continue to do so, with the full awareness that they have not been granted any license, permission, authorization, or consent to copy or distribute such works.  Defendants have harmed Plaintiffs in this District and are aware that they have caused Plaintiffs to suffer harm in this District.

29.     Defendants conduct their business by email and over the Internet, making concerted efforts to conceal their true names and physical locations. Defendants have attempted to conceal their identity and frustrate attempts to stop their unlawful activity, including by not putting any real names or physical addresses on Defendants' Sites and providing the following materially false information to the domain name registrar eNom for the domain name testbanksolutionmanualcafe.com: Registrant Name – Gerald J. Smith; Registrant Address – 3673 Mahlon Street, Red Bank, NJ 07701; Registrant Phone – 732.964.3572; Admin Email – admin@testbanksolutionmanualcafe.com.

30.     As mentioned above, Defendants are recidivist infringers.  In Case No. 1:12-cv-07914-RWS (S.D.N.Y), Cengage, Wiley, Pearson, and McGraw-Hill obtained a default judgment against an individual by the name of Amr Jarrad, in the amount of $826,222.42, based upon his reproduction and sales of the plaintiffs' instructor solutions

manuals, including through the website located at www.testbanks-solutionmanuals.com. In Case No. 1:12-cv-03221-RWS (S.D.N.Y.), Cengage, Wiley, Pearson, and McGraw-Hill obtained a default judgment against an individual by the name of Jarid Amir, in the amount of $35,908.05, based upon his reproduction and sale of the plaintiffs' instructor solutions manuals, including through the website located at www.testbanksolutionmanualcafe.com.  Based upon the similarity in names, along with other considerations, Plaintiffs believe that "Amr Jarrad" and "Jared Amir" is a single individual, who lives in the country of Jordan, and is one of the ringleaders responsible for, financially benefitting from, and with control over the infringing activity complained of herein.

31.     Defendants have already been sent multiple cease-and-desist letters, but to no avail.  In fact, rather than stopping their unlawful behavior, Defendants have "doubled-down" on it.  Defendants continue to actively operate and grow their business, including by adding more solutions manuals and test banks to Defendants' Sites, which, of course, represent nothing more than additional infringements.  Defendants have also resorted to using technical measures to block Plaintiffs' counsel's access to Defendants' Sites, in the hopes of forestalling Plaintiffs' enforcement efforts.

## FIRST CLAIM FOR RELIEF
### Copyright Infringement

32.     Plaintiffs re-allege and incorporate herein by reference the allegations contained in paragraphs 1 through 31 as though fully set forth herein.

33.     Plaintiffs' Works listed in Exhibit A constitute original works and copyrightable subject matter pursuant to the Copyright Act, and are protected by United States Certificates of Copyright Registration duly registered with the United States Copyright Office.  At all relevant times, Plaintiffs have been and still are the owners or exclusive licensees of all rights, title, and interest in and to their respective copyrights in

such works, which have never been assigned, licensed, or otherwise transferred to any of the Defendants.  The test banks listed on Exhibit A, along with some of the instructor solutions manuals listed on Exhibit A, have been independently registered with the Copyright Office and thus have their own United States Certificates of Copyright Registration.  Any instructor solutions manuals listed on Exhibit A that have not been independently registered repeat the original questions or other original content verbatim from the textbook and thus are derivative works of the underlying textbook.  In each such instance, Plaintiffs rely upon their copyright registration for the underlying textbook.

34.     Defendants, without the permission or consent of Plaintiffs, have reproduced and distributed to the public unauthorized copies of Plaintiffs' Works listed in Exhibit A hereto.  Such reproduction and distribution of Plaintiffs' solutions manuals and test banks constitutes infringement of Plaintiffs' exclusive rights under copyright in violation of 17 U.S.C. §§ 106(1) 106(3), and 501.  In addition, Defendants, without the permission or consent of Plaintiffs, have knowingly encouraged, induced, materially contributed to and/or facilitated the unauthorized reproduction and distribution of Plaintiffs' Works listed in Exhibit A hereto, and have the right and ability to stop or limit the infringement and a direct financial interest in such infringing activities. Defendants are directly and secondarily liable for infringement under the Copyright Act.

35.     Each of the Defendants directly and individually performed the acts alleged herein, as well as did so jointly and in concert with one another, or as an agent, principal, alter ego, employee, representative of the other.  Accordingly, each of the Defendants are liable for all of the acts alleged herein because they were the cause in fact and proximate cause of all injuries Plaintiffs have suffered.

36.     The infringement of Plaintiffs' rights in each of their respective copyrighted works constitutes a separate and distinct act of infringement.

37.    Defendants' unlawful conduct, as set forth above, was willful, intentional and purposeful, in disregard of and with indifference to the rights of Plaintiffs.

38.    As a result of Defendants' unlawful and deliberate conduct as set forth above, Plaintiffs have been, and will continue to be, irreparably damaged, for which Plaintiffs have no remedy at law.  Unless this Court restrains Defendants from continuing their infringement of Plaintiffs' copyrights, these injuries will continue to occur in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment from this Court against Defendants as follows:

a.  For a declaration that Defendants willfully infringed Plaintiffs' copyrights;

b.  For such equitable relief under Title 17, Title 28, and/or the Court's inherent authority as is necessary to prevent or restrain infringement of Plaintiffs' copyrights, including preliminary and permanent injunctive relief requiring Defendants, and their agents, servants employees, and attorneys and all those acting in concert with each or any of them (i) not to infringe Plaintiffs' copyrights or exclusive rights protected by the Copyright Act, whether now in existence or hereafter created, and (ii) to cease use of and surrender to Plaintiffs the domain names underlying Defendants' Sites unless and until Defendants have satisfied the Court that they have completely and permanently ceased to infringe Plaintiffs' copyrights;

c.  For statutory damages pursuant to 17 U.S.C. § 504(c), in the maximum amount provided by law, as may be proven at trial, arising from Defendants' willful violations of Plaintiffs' rights under the Copyright Act or, in the alternative, at Plaintiffs' election pursuant to 17 U.S.C. § 504(b), Plaintiffs' actual damages, including Defendant's profits from infringement, in amounts to be proven at trial;

d. Pursuant to 17 U.S.C. § 503, requiring Defendants to deliver up for destruction or other reasonable disposition all copies made or used in violation of Plaintiffs' respective copyrights;

e. Pursuant to 17 U.S.C. § 505, awarding Plaintiffs their costs in this action, including their reasonable attorneys' fees;

f. For pre-judgment interest and post-judgment interest at the applicable rate on any monetary award made part of the judgment against Defendants; and

g. For such other and further relief the Court deems proper.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by jury of all issues that are so triable.

Dated: April 2, 2015

By: _____

Matthew J. Oppenheim
Scott A. Zebrak (*pro hac vice* to be filed)
Kerry M. Mustico
OPPENHEIM + ZEBRAK, LLP
4400 Jenifer Street, NW, Suite 250
Washington, DC 20015
Tel: 202-621-9027
matt@oandzlaw.com
scott@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiffs*